# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL NO. 1:13-CR-125

The United States Attorney for the Northern District of Georgia (the "Government") and Defendant Muhammad Khalid Aziz Mughal, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.   Muhammad Khalid Aziz Mughal, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count One of the Indictment.

## I.   ADMISSION OF GUILT

The Defendant admits that he is pleading guilty to Count One of the Indictment because he is in fact guilty of the crime charged in Count One of the Indictment.

## II.   ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury.   At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings.   During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt.   The Defendant would have the right to confront and cross-examine the witnesses against him.   If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf.   If, however, the Defendant did not wish to testify, that fact could not be used against him,

and the Government could not compel him to incriminate himself.   If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings.   By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.   ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum penalties:

As to the sole charge in the Indictment

(a)     Maximum term of imprisonment:   25 years.

(b)     Mandatory minimum term of imprisonment:   None.

(c)     Term of supervised release:   Three years to five years.

(d)     Maximum fine:   $250,000, due and payable immediately.

(e)     Full restitution, due and payable immediately, to all victims of the offenses and relevant conduct.

(f)     Mandatory special assessment:  $100, due and payable immediately.

(g)     Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV.  PLEA AGREEMENT

The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure.  The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

3

## No Additional Charges

The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

## Sentencing Guidelines Recommendations

**Acceptance of Responsibility**

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

**Right to Answer Questions, Correct Misstatements, and Make Recommendations**

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

**Right to Modify Recommendations**

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

**Sentencing Recommendations**

**Forfeiture**

As to the forfeiture aspect of this case, the Defendant agrees that he shall agree to the imposition of a money judgment of $150,000 which constitutes property derived from, proceeds obtained from, or traceable to, the commission of the offense in Count One of the Indictment. The Defendant agrees that upon the entry of this plea agreement, he will tender to the United States a certified check or money order in the amount of $75,000 (to be payable to "U.S. Department of Justice"). The United States and the Defendant agree that this $75,000 payment will be used to

5

offset the forfeiture money judgment.   The Defendant agrees that he is jointly and severally liable for the payment of this $150,000 money judgment with co-defendant Kousar Parveen.   Any amount paid by co-defendant Kousar Parveen upon the entry of this plea agreement may be used to offset the remaining money judgment against the Defendant.

The Defendant acknowledges that each asset covered by this agreement is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(6) as property constituting, or derived from, proceeds obtained directly or indirectly, from the commission of the offense of which the Defendant is convicted.   The Defendant acknowledges that he is not entitled to use forfeited assets to satisfy any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

The Defendant hereby waives and abandons all interest in any asset described by this agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and the Defendant agrees that the forfeiture shall be accomplished either administratively or judicially at the government's option.   The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, collateral attack, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.   As to any asset described by this Plea Agreement, the Defendant hereby waives the requirements of 18 U.S.C. § 983, Rule 4 of the Federal Rules of Civil Procedure, and Supplemental Rule G, regarding notice of seizure in judicial forfeiture matters and the requirements of Federal Rules of Criminal Procedure 7, 11, 32.2, 41, and 43 as they apply in any manner to any forfeiture issue.

If the government elects to proceed administratively, the Defendant hereby consents to the

entry of a declaration of forfeiture and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters.   The Defendant acknowledges that assets may have been forfeited administratively prior to the execution of this agreement, and the Defendant hereby waives any interest in such assets; all constitutional, legal, and equitable claims to such assets; and all defenses to the forfeiture of such assets in any proceeding, including proper notice, timeliness of the notice, innocent ownership, defenses arising in connection with any provision of 18 U.S.C. § 983, and excessive fines.

If the government elects to proceed judicially against any asset, by entering into this Plea Agreement, the Defendant authorizes the Court to immediately enter a preliminary order of forfeiture against all property described by this agreement, consents to that order becoming final as to him at the time of entry, and agrees that the order shall become part of his sentence and be incorporated into the judgment against him automatically at the time of its entry without further action from the Court.   If the forfeiture is to be accomplished in a parallel civil action, the Defendant authorizes the court to the entry of a civil Judgment and Order of Forfeiture without further notice to him and waives all defenses to forfeiture as described above.   To the extent that the Government institutes or has instituted any civil judicial forfeiture proceeding to which the Defendant is or becomes a party, the Defendant agrees that he shall be responsible for his attorneys fees and costs incurred in connection with that action.

With regard to all forfeitable assets, the Defendant agrees to take all steps necessary to ensure that the property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture.   In addition, the Defendant agrees not to file a Claim, Answer, or petition for remission for such asset in any administrative or judicial proceeding that may be initiated or that has been initiated.   To the extent that the Defendant has filed a Claim, Answer, or petition for remission for

any such asset, the Defendant hereby immediately withdraws that filing.   The Defendant agrees to take all steps requested by the United States to pass clear title to the forfeitable assets to the United States, to cooperate truthfully and completely with the Government in all matters related to the forfeiture of assets in connection with the facts and circumstances giving rise to this prosecution, and to testify truthfully in any forfeiture proceeding relating to his cooperation.

**Specific Sentence Recommendation**

The Government agrees to recommend that the Defendant be sentenced at the low-end of the adjusted guideline range.

**Judicial Economy**

Based on the factors set forth in 18 U.S.C. § 3553(a), the parties agree to recommend that the Defendant receive a one-level downward variance at sentencing. This variance is predicated on the Defendant's expeditiously entered plea of guilty and the resulting conservation of limited judicial and prosecutorial resources.

**Financial Cooperation Provisions**

**Special Assessment**

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303.  The Defendant agrees to provide  proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s).   The Defendant

also agrees that the full fine and/or restitution amount shall be considered due and payable immediately.   If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.   The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution.   The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate.   Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Disclosure of Assets**

The Defendant agrees to make a full accounting of all assets and other real and personal property in which Defendant has any legal or equitable interest.   The Defendant further agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $1,000 before sentencing, without the prior approval of the Government.   The Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in Defendant receiving no credit for acceptance of responsibility.

## Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL:   To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.   The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

### Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

### Removal from the United States

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status.   When a person is convicted under Section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the Court shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall cancel the certificate of naturalization of such person.   Accordingly, the Defendant acknowledges that he shall lose his United States citizenship by pleading guilty to a violation of Title 18, United States Code, Section 1425.   Additionally, under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty.   Indeed, because defendant is pleading guilty to this offense, removal is presumptively mandatory.   Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

The Defendant further agrees that following the revocation of his United States

citizenship, he will request and stipulate to a judicial order of removal pursuant to Title 8, United States Code, Section 1228(c)(5), which entails stipulating to removal from the United States by United States Immigration and Customs Enforcement (Immigration), not contest his removal, and waiving any right to a hearing before an immigration judge.   Defendant further agrees to provide Immigration with any and all travel documents needed to ensure another country will accept his return.    The Defendant agrees to surrender any documents in his possession that demonstrate United States citizenship, including, but not limited to, his United States passport and his naturalization certificate.

### No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 13th day of August, 2013.

_____
SIGNATURE (Attorney for Defendant)
Benjamin Alper

_____
SIGNATURE (Defendant)
Muhammad Khalid Aziz Mughal

_____
SIGNATURE (Assistant U.S. Attorney)
Kurt R. Erskine

_____
SIGNATURE (Approving Official)
Gentry Shelnutt

_____
DATE

12

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____                    8/13/13
SIGNATURE (Defendant)                                       DATE

I am Muhammad Khalid Aziz Mughal's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____                    8/13/13
SIGNATURE (Defense Attorney)                                DATE

13

INFORMATION BELOW MUST BE TYPED OR PRINTED

Ben Alper
NAME (Attorney for Defendant)

Muhammad Khalid Aziz Mughal
NAME (Defendant)

STREET

STREET

CITY & STATE     ZIP CODE

CITY & STATE     ZIP CODE

PHONE
NUMBER

STATE BAR OF GEORGIA NUMBER _____

Filed in Open Court

**FILED IN OPEN COURT**
**U.S.D.C. - Atlanta**

**AUG 1 3 2013**

By _____

JAMES N. HATTEN, Clerk
By: _____  Deputy Clerk

14

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:13-CR-125 |
| DEFENDANT'S NAME: | Muhammad Khalid Aziz Mughal |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1.  PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT

    **\*PERSONAL CHECKS WILL NOT BE ACCEPTED\***

2.  PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3.  PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk, U.S. District Court
    2211 U.S. Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia   30303

    (Do not Send Cash)

4.  INCLUDE DEFENDANT'S NAME ON CERTIFIED CHECK OR MONEY ORDER

5.  ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6.  PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA

## ATTACHMENT A

The Defendant requests and stipulates to a judicial order of removal pursuant to Title 8, United States Code, Section 1228(c)(5). The Defendant admits that he obtained United States citizenship fraudulently and that he is removable from the United States pursuant to Title 8, United States Code, Sections 1228(c) and 1227 as a result of his guilty plea in this case. After consultation with counsel and understanding the legal consequences of doing so, Defendant knowingly and voluntarily waives any right that he may have to receive notice of intent to request judicial removal and a charge containing factual allegations regarding the removal. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act, on the question of his removability from the United States. The Defendant further understands the rights he would possess in a contested administrative proceeding and waives these rights, including his right to examine the evidence against him, to present evidence on his behalf, and to cross-examine witnesses presented by the government.

The Defendant further waives any rights that he may have to apply for relief or protection from removal for which he may be eligible, including, but not limited to, asylum; withholding of removal; withholding, deferral of removal, or other protection pursuant to Article 3 of the United Nations Convention Against Torture;

cancellation of removal; adjustment of status; registry; *de novo* review of a denial or revocation of temporary protected status; current or future relief under sections 212(h) or 212(i) of the Immigration and Nationality Act; visa petitions; consular processing; or, any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States. As part of this agreement, the Defendant specifically acknowledges and states that the Defendant has not been persecuted in, and has no present fear of persecution in Pakistan, or any other country to which he may be removed, on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the Defendant further acknowledges and states that the Defendant has not been tortured in, and has no present fear of torture in Pakistan or in any other country to which he may be removed.

The Defendant hereby requests that an order be issued by this court for his removal to Pakistan the Defendant understands and agrees that his designation of Pakistan as the country of removal may be disregarded and that he may be removed to another country in accordance with Title 8, United States Code, Section 1231(b)(2), if any of the circumstances in that Section apply. The Defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge his removal from the United States in any United States or foreign court or tribunal.

The Defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including any privacy and confidentiality rights under 8 C.F.R. § 208.6.  At the request of the U.S. Attorney's Office, Immigration and Customs Enforcement (Immigration) will provide its concurrence to the government's request for a judicial order of removal.  As a result of the above-referenced order, upon the completion of Defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, Defendant shall be removed to Pakistan, or to another country in accordance with Title 8, United States Code, Section 1231(b)(2).

The Defendant agrees to assist United States Immigration and Customs Enforcement (Immigration) in the execution of his removal.  Specifically, the Defendant agrees to assist Immigration in the procurement of any travel or other documents necessary for the Defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the Defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the Defendant's removal.  The Defendant further understands that his failure or refusal to assist Immigration in the execution of his removal shall breach this plea agreement and may subject the Defendant to criminal penalties under Title 8, United States Code, Section 1253.   The Defendant concedes that the entry of a written order of removal renders him permanently inadmissible to the

United States.  He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the United States Government.

In Open Court this 2nd day of June, 2013.


_____          _____
SIGNATURE (Attorney for Defendant)          SIGNATURE (Defendant)
Ben Alper                                                        Khalid Mughal